OPINION
Appellant Douglas G. Bolds is appealing his conviction, in the Stark County Court of Common Pleas, for one count of trafficking in drugs. The following facts give rise to this appeal.
During the fall of 1997, the special investigations unit, of the Massillon Police Department, was conducting controlled drug buys in order to eliminate illegal drug transactions within the City of Massillon. Police officers used confidential informants, known to various drug dealers, to set up these purchases.
On September 24, 1997, Detective Robert Grizzard wired Officer Kirby Hartman, with a transmitter, so Detective Grizzard could record an expected drug buy. Thereafter, Officer Hartman and the informant drove to the Massillon Post Office and Detective Grizzard followed. The informant made a telephone call and set up the transaction. The drug purchase was to take place at the City Center parking lot. Officer Hartman and the informant drove to the parking lot. Detective Grizzard followed, but parked approximately a block and a half away, in order to hear and record the transaction through the transmitter.
Upon entering the parking lot, Officer Hartman saw three individuals standing at the side walk near the end of the parking lot. Officer Hartman recognized one of the men as Craig Gordon. Gordon was actually the focus of the investigation. An unidentified man and appellant were also standing with Gordon. Craig Gordon and appellant approached the informant. Appellant handed the informant a cellophane wrapper containing seven rocks of crack cocaine. Officer Hartman handed the informant $150. At the completion of the transaction, the parties left the parking lot.
Within ten minutes of the transaction, Detective Grizzard and Officer Hartman met at the police station. They field tested the drugs which tested positive for cocaine. Following this transaction, the Massillon Police Department continued its investigation for the next couple of months. The police eventually arrested Craig Gordon and following his arrest, learned appellant's identity. Appellant is the half-brother of Craig Gordon. Upon obtaining a photograph of appellant, Officer Hartman and the informant immediately recognized appellant from the drug transaction.
The Stark County Grand Jury indicted appellant on March 6, 1998. Appellant entered a plea of not guilty and this matter proceeded to trial on April 13, 1998. Following deliberations, the jury found appellant guilty, as charged, in the indictment. The trial court sentenced appellant to a definite term of ten months in an Ohio penal institution. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JURY'S VERDICT FINDING THE APPELLANT GUILTY OF TRAFFICKING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE PROSECUTOR'S MISCONDUCT DURING CLOSING ARGUMENTS WAS IMPROPER AND PREJUDICIAL AND DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL IN CONTRAVENTION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION.
 III. THE APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANT OF COUNSEL.
 I
Appellant maintains, in his first assignment of error, the jury's verdict finding him guilty of trafficking is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
It is based upon this standard that we review appellant's first assignment of error. Appellant contends the jury's verdict is against the manifest weight of the evidence because only one individual testified, seven months later, that appellant was the individual involved in the drug transaction. Second, appellant maintains the state did not present any expert testimony identifying appellant's voice on the tape recording of the drug transaction. Finally, appellant claims the state failed to compare his fingerprints to those contained on the cellophane wrapper containing the drugs.
We do not believe the jury clearly lost its way and created a manifest miscarriage of justice when it convicted appellant of trafficking. In finding appellant guilty, the jury chose to believe the testimony of Officer Hartman. Officer Hartman explained that he knew Craig Gordon and that his unit had previously made drug purchases from him. Tr. at 134. It is therefore unlikely Officer Hartman confused appellant with Craig Gordon. Further, Officer Hartman testified, at trial, that once he viewed appellant's picture, after learning appellant's name, he immediately recognized appellant as the person from whom he had purchased drugs on September 24, 1997. Tr. at 132. Officer Hartman testified there was no doubt in his mind concerning his identification of appellant. Tr. at 138.
Based upon the above testimony of Officer Hartman, we do not believe the jury's verdict is against the manifest weight of the evidence. The jury found Officer Hartman to be credible. There was no need for expert testimony concerning voice identification or fingerprints.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant claims the prosecutors committed prosecutorial misconduct on two separate occasions during the trial. We agree, in part.
The test for prosecutorial misconduct is whether the prosecutor's conduct, at trial, was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1991), 51 Ohio St.3d 160, 165, certiorari denied 112 L.E.2d 596. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. Statev. Apanovitch (1987), 33 Ohio St.3d 19, 24. It is based upon this standard that we review appellant's claims of prosecutorial misconduct.
First, Craig Gordon, one of the individuals involved in the drug transaction, attended appellant's trial. While Craig Gordon was seated in the back of the courtroom, the prosecutor asked Detective Hartman to point to Craig Gordon and identify him for the jury. Defense counsel objected and the trial court sustained the objection. Tr. at 113. Appellant claims this conduct, by the prosecutor, prejudiced him because it was his defense that he was not involved in the drug transaction. We do not believe the prosecutor's conduct, in asking the witness to identify Craig Gordon, prejudicially affected the substantial rights of appellant. There is no evidence of intentional misconduct by the prosecutor. Further, when he asked the question of Detective Hartman defense counsel immediately objected and the trial court sustained the objection. Tr. at 113.
However, the second alleged incident of prosecutorial misconduct is more troubling. The second incident occurred during the rebuttal phase of closing argument. The prosecutor made the following statement:
 You can hear the voice on the tape. Remember the voice you heard this morning, morning, good morning, compared to that voice on the tape. It's the same voice. It's the same voice. Tr. at 170.
In the above statement, the prosecutor was referring to the fact that when the trial court judge introduced appellant to the jury, the appellant stood and said "good morning". Tr. at 18. Appellant maintains he chose to exercise his constitutional right not to testify and therefore, his statement of "good morning" was not in evidence.
Because defense counsel did not object to this statement by the prosecutor, we must analyze it under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. D'Ambrosio (1993), 67 Ohio St.3d 424, 437;State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
We find the prosecutor committed misconduct when he asked the jury to compare appellant's voice to that voice contained on the tape recording of the drug transaction. The prosecutor also committed misconduct when he indicated it was the same voice. The prosecutor made this statement during the rebuttal phase of closing argument. Defense counsel had no opportunity to refute this statement by the prosecutor. Second, if the prosecutor wanted the jury to compare appellant's voice, with the voice contained on the tape recording, he could have requested a voice exemplar, however, he failed to do so. Although the prosecutor committed misconduct by making this statement, it does not rise to the level of plain error. Appellant has not demonstrated, on appeal, that the outcome of the trial clearly would have different but for the prosecutor's statement.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant claims he was denied his right to effective assistance of counsel. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of State v.Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
Appellant claims defense counsel was ineffective because she should have objected during closing arguments when the prosecutor made the statement concerning the identification of appellant's voice. We agree that defense counsel was ineffective for failing to object to the prosecutor's statement which was clearly improper. However, we do not find appellant was prejudiced by defense counsel's failure to object such that the reliability of the outcome of the trial is suspect. We do not believe had defense counsel objected, the outcome of the trial would have been different.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.